UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-627-H

ETHEL LOWENBRAUN                                                                                   APPELLANT

V.

THOMAS L. CANARY, JR. And
MAPOTHER & MAPOTHER, PSC                                                          APPELLEES

**MEMORANDUM OPINION**

Appellant, Ethel Lowenbraun ("Appellant"), is the former spouse of Dr. Stanley Lowenbraun who filed a voluntary petition for Chapter 7 bankruptcy in August, 1999. William Lawrence was appointed the Chapter 7 bankruptcy trustee of Dr. Lowenbraun's estate. Lawrence retained Appellee, Thomas L. Canary, Jr. and his firm, Mapother & Mapother to perform legal work for the estate. Prior to the bankruptcy, Appellant and Dr. Lowenbraun had entered into a property settlement agreement as part of their divorce proceedings. Canary took legal actions to stop some of the actions contemplated in the property settlement agreement. In the course of his actions, he made comments concerning Appellant's actions both in court and in the newspaper.

In March, 2003, Appellant filed a lawsuit in Jefferson Circuit Court alleging libel, slander, abuse of process, wrongful use of civil proceedings and the tort of outrage against Canary and his firm. At the same time she filed a separate state court malpractice suit against her own attorney, Thomas Frentz and his firm, Middleton and Reutlinger. Appellees removed this case to bankruptcy court in April, 2003. Ultimately, by July, 2004, the bankruptcy court had

denied all of Appellants' motions to remand and entered summary judgment in favor of Appellees with respect to all of the state law claims.

In this appeal Appellant takes issue with virtually all of the bankruptcy court's rulings. Her most serious contentions are (1) that the bankruptcy court erred by concluding that its abstention was permissive, rather than mandatory, thus opting to retain jurisdiction over the case; and (2) the bankruptcy court erred in granting summary judgment in favor of Appellees, in particular finding that they were entitled to immunity for the acts of which Appellant complains. The Court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004). After examining each, the Court determines that it agrees with the bankruptcy court on all essential points.

I.

Appellant's first argument is that the Doctrine of Mandatory Abstention precludes the bankruptcy court from exercising jurisdiction over Appellant's non-core, common law tort claims. Appellant argues that the state law claims are unrelated to the bankruptcy and would not affect the bankruptcy estate. In making this argument, Appellant seems to have missed the point of the bankruptcy court's holding.

28 U.S.C. § 157 identifies the qualities of a core proceeding under the Bankruptcy Code. Subsection (b)(2) of the statute provides a list of those matters which might so qualify. The first of them are those cases involving "matters concerning the administration of the estate." In his order overruling Appellant's motion for mandatory abstention, Judge Stosberg concluded that plaintiff's claims fall within this class of core proceedings because the claims arise from Canary's actions as duly appointed attorney for the trustee and because the claims affected the

2

administration of the bankruptcy estate. This Court believes that the bankruptcy court's determination was correct.

A.

All Appellant's claims arise out of actions which would not have occurred but for Canary's appointment as attorney for the Chapter 7 trustee. The entire unseemly controversy arose because Canary was attempting to gather assets which he contended belonged to the estate. Appellees have cited an analogous case, *Honigman, Miller, Schwartz & Cohn v. Weitzman (In re DeLorean Motor Co.),* 155 B.R. 521 (9th Cir. BAP 1993). In that case the court determined that a suit against the trustee and its counsel directly affected the administration of the bankrupt estate:

> The action arises from the efforts of officers of the estate to administer the estate and collect its assets and therefore impacts the handling and administration of the estate. Although the . . . action asserts a state law claim, as the functional equivalent of an action against the trustee, it is inextricably tied to the determination of an administrative claim against the estate and is similarly tied to questions concerning the proper administration of the estate. For these reasons, we determine that [the] action against [defendants] is within the scope of 28 U.S.C. § 1334(b) and a core proceeding within the scope of 28 U.S.C. § 157(b).

*Id.* at 525.

The same general concerns apply here. Where the actions about which Appellant complains are so inexplicably tied to the duties of the trustee's counsel and the administration of the estate, this Court concludes that the bankruptcy court was correct as a matter of law that its jurisdiction was exclusive over such matters. On these facts, application of the doctrine of mandatory abstention would have been inappropriate.

B.

The Court must next determine whether the bankruptcy court erred in refusing to abstain under the permissive standard set forth in 28 U.S.C. § 1334(c)(1). This section provides for abstention in a core proceeding where the interest of justice, comity with state courts or respect for the laws of other states suggest that it is appropriate. There are a number of considerations appropriate for determining whether permissive extension is appropriate. *See In re Republic Reader's Service, Inc.*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987). The facts that form the basis for Appellant's state court claims seem to strike at the heart of the administration of the bankruptcy estate. The bankruptcy court has a predominant interest in regulating the conduct of those involved in the bankruptcy proceedings. This Court agrees with the bankruptcy court that to allow a state court to pass judgment on the conduct of the bankruptcy trustee and his counsel may well be contrary to the bankruptcy court's exclusive jurisdiction of such matters. In any event, the bankruptcy court was well within its rights to take jurisdiction of those claims.

II.

Appellant argues that the bankruptcy court erred in determining that Mr. Canary's actions were undertaken within the scope of his duties as trustee and were entitled to judicial immunity. She argues that the actions for which he claims immunity were actually outside the scope of his employment. Appellant's complaints fall into two general categories: statements made in pleadings filed with the bankruptcy court and statements made to news media concerning the ongoing bankruptcy proceedings.

The bankruptcy trustee and his counsel are presumptively clothed with immunity for their actions taken in connection with bankruptcy proceedings. Appellant bears the burden of proving

4

that the trustee or his counsel has lost his immunity by acting outside his or her authority. The Court will assume the existence of immunity unless the facts demonstrate otherwise. *In re Heinsohn*, 247 B.R. 237, 246 (E.D. Tenn. 2000). Regarding the statements contained in court pleadings, the Court believes that there is little question that these are absolutely privileged. *See General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1126 (6th Cir. 1990); *Heavrin v. Nelson*, 384 F.3d 199, 202 (6th Cir. 2004).

The question of whether Appellees' statements to the news media are similarly clothed in immunity presents a question for which the answer is not so clear cut. After reviewing the matter, however, the Court agrees with the bankruptcy court's conclusion that the public has a legitimate interest in the dissemination of information regarding bankruptcy proceedings and that generally absolute immunity should extend to discussions with the media. All the statements that Appellees made to the news media concerned the bankruptcy proceeding or adversarial proceedings related to it. This Court agrees with the bankruptcy court's conclusion that immunity for such extrajudicial statements is appropriate.[1]

### III.

The bankruptcy court granted summary judgment on each of the state law claims. The Court agrees.

As to the libel and slander counts, the bankruptcy court determined either that the statements Appellees made were true or that Appellant identified no false statements at all. Judge Stosberg discussed this in his order dated August 31, 2004. The Court agrees entirely with

---

[1] Resolution of these issues in this manner makes it unnecessary to decide whether Appellant failed to comply with the *Barton* doctrine or whether she signed a release of claims against Appellees.

his assessment.

The malicious prosecution, wrongful use of civil proceedings and abuse of process claims involve different analysis and similar results. Appellant cannot make a malicious prosecution or wrongful use of civil proceedings claims where the underlying proceedings are resolved against her. Overall, one cannot conclude that the litigation ended in favor of Appellant.

The abuse of process claim is more unusual, but no more appropriate. As the bankruptcy court says, to state such a claim Appellant must show an ulterior and improper motive. The Court finds nothing to suggest such a conclusion. The outrageous conduct claim has a somewhat similar analysis. Appellees' conduct was not frivolous and was not so intolerable that it meets the high standard for this claim.

The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record